IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

KEN GRYDER,

    Plaintiff,

v.     Civil Action No. 1:17-cv-1258

HCL AMERICA INC. ET AL,

    Defendants.

## Memorandum Opinion

THIS MATTER comes before the Court on Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim.

This case arises from a series of events beginning when Plaintiff was an employee of HCL America, Incorporated ("HCL"), a contracting firm where he was on assignment to the World Bank as an information technology ("IT") specialist. Plaintiff brings this action against Defendants HCL, Ogletree, Deakins, Nash, Smoak, and Stewart, PC ("Ogletree"), and the American Arbitration Association ("AAA"). Plaintiff asserts claims of breach of contract, fraud, and collusion against the Defendants.

In his complaint, Plaintiff alleges he was wrongfully terminated by HCL for "stereotyping" another race after he brought to HCL's attention the possibility of a security breach to HCL and the World Bank. He alleges the World Bank and HCL,

1

along with the AAA, are attempting to cover up wrongful treatment of the Plaintiff to protect the American government and the World Bank from embarrassment because HCL did not take the threat of a security breach seriously.

The Plaintiff's employment contract with HCL required that all complaints concerning employment be brought through arbitration. However, originally, Plaintiff filed suit in federal district court seeking remedies for wrongful termination amongst other things. The case was dismissed at the pleading stages. The Fourth Circuit upheld the district court's ruling.

After Plaintiff was not successful in bringing his employment case in federal court, Plaintiff and HCL began arbitration proceedings with the AAA to resolve the wrongful termination dispute, which lead to the instant case.

The Plaintiff asserts a claim of breach of contract by the AAA when it refused to provide an arbitrator that Plaintiff would agree to. Plaintiff alleges the AAA offered arbitration proceedings "with no conditions, no legal bounds or exceptions in terms of effort or coast, an arbitrator and with the invitation to the competence/area of specialty required by the plaintiff." Plaintiff alleges he requested the AAA provide an arbitrator with cyber security, banking, and national security experience for the arbitration hearing, and that AAA failed to do so, and thereby breached its contract with him. Plaintiff

2

alleges the AAA provided an arbitrator, but Plaintiff rejected the arbitrator. HCL and the AAA proceeded with the arbitration proceedings with the arbitrator provided by the AAA without Plaintiff present.

Plaintiff alleges Defendants AAA, HCL, and Ogletree colluded to deny the Plaintiff the due process of arbitration, and the Plaintiff seeks relief from this court in the amount of $1.4 million.

Defendant AAA filed this motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

A motion to dismiss tests the sufficiency of the complaint. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a Rule 12(b)(6) motion to dismiss, the court must accept all well-pled facts as true and construe those facts in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must provide a short and plain statement showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and it must state a plausible claim for relief to survive a motion to dismiss, Iqbal, 556 U.S. at 679. The court does not accept as true any "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000). If the complaint does not state a plausible claim for relief, the

court should dismiss the claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In Defendant's motion to dismiss, the AAA asserts immunity from suit. This Court must determine whether arbitral immunity applies in this case based on the facts provided by the Plaintiff in the complaint and the established case law for arbitral immunity.

In Connor v. American Arbitration Ass'n, 310 F. App'x. 611 (4th Cir. 2009), the Fourth Circuit upheld the district court's decision to dismiss the AAA as a defendant. Although arbitral immunity was not claimed by the AAA in Connor, the Court noted that the plaintiff had agreed to submit her case to the AAA and thus agreed to its rules. Similarly, in this case, Plaintiff agreed, through his employment contract, to submit his case to the AAA. Plaintiff suggests in his complaint that he filled out paperwork by the AAA and participated in at least some preliminary arbitration proceedings at the AAA, thereby agreeing to have his case heard by the AAA and submitting himself to their rules, similar to the Plaintiff in Connor.

Although the Fourth Circuit has not expressly addressed the issue of arbitral immunity as to the AAA specifically, other Circuits provide some guidance for this court. In Cahn v. International Ladies' Garment Union, 311 F.2d 113 (3d Cir. 1962), the Third Circuit found that arbitrators are "clothed

4

with an immunity, analogous to judicial immunity, against actions brought by either of the parties arising out of his performance of his duties" in granting arbitral immunity to an arbitrator. Additionally, in Austern v. Chicago Board Options Exchange, Inc., 898 F.2d 882 (2d Cir. 1990), the Second Circuit held that "arbitrators in contractually agreed upon arbitration proceedings are absolutely immune from liability in damages for all acts within the scope of the arbitral process." The Court in Austern also noted that arbitral immunity extends to organizations that sponsor arbitrations, not just arbitrators themselves. Id at 886. Adopting this principle from the Court in Austern, the AAA can enjoy immunity as the sponsor organization, the same as the arbitrator himself.

Defendants argue that the selection of an arbitrator, which the Plaintiff challenges in this case, is "certainly a function integrally related to the arbitral process," thereby asserting arbitral immunity in this case as established by the Court in Austern. This argument is supported by the Second Circuit decision in Olson v. National Ass'n of Securities Dealers, 85 F.3d 381, 383 (8th 1996) (holding that "the appointment of arbitrators is a necessary part of arbitration administration…and thus is protected by arbitral immunity."). In the instant case, Plaintiff is challenging the appointment of the arbitrator provided by the AAA. Because the Plaintiff

submitted himself to the AAA and thereby its rules, and because, as the Court held in Olson, the appointment of the arbitrator by the AAA was a necessary part of the AAA's arbitration administration, this Court finds the AAA enjoys arbitral immunity in the instant case.

Plaintiff's assertions against Defendant would be more appropriately challenged under the Federal Arbitration Act (9 U.S.C. § 10). While the Plaintiff references the Federal Arbitration Act in his complaint, he fails to assert a claim under the Act or list facts supporting a plausible cause of action under the Act.

Plaintiff failed to plead facts sufficient to state a prima facie claim of breach of contract, fraud, or collusion against the AAA in his complaint. Because this Court finds that the AAA is protected by arbitrator immunity, the Plaintiff's complaint fails to state a plausible claim for relief and the AAA must be dismissed as a Defendant in the instant case.

For the foregoing reasons, this Court finds that the Defendants' Motion to Dismiss should be GRANTED. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
August 30, 2018